▉     LOUISE C. SMITH, Respondent-Appellant, v. SHAW DIXON, Appellant, and ELIHU GOTTESMAN, Respondent.— Judgment of the Supreme Court, Nassau County, dated March 2, 1967, affirmed, with costs to plaintiff against defendant Dixon and with costs to defendant Gottesman against plaintiff. This action to recover damages for personal injuries arose out of an automobile collision. Plaintiff, the owner and a passenger in a car driven by defendant Gottesman, sued both Gottesman and Dixon, the driver of the other car. The accident occurred while plaintiff's car was proceeding east on Baisley Boulevard, a two-way thoroughfare with a center line. The testimony for plaintiff indicated that her car was on the right of the line at all times and the collision occurred because the Dixon car crossed the line. After the accident plaintiff's car was on the right side of the line. Defendant Dixon, called as a witness for plaintiff, was unable to recall the precise details of the accident, but his testimony indicated that he did cross the white line into the lane in which plaintiff's car was proceeding. At the close of plaintiff's case the trial court dismissed the complaint as against defendant Gottesman since no actionable negligence had been proved. Defendant Dixon rested without offering any evidence. In its charge, the court informed the jury that, even though he had removed the case against Gottesman from their consideration, they still had to consider whether Gottesman's actions contributed to the accident. The court charged that plaintiff could recover against Dixon only if the jury found that the accident had occurred solely because of the negligence of Dixon. On this appeal it is Dixon's contention that because the court dismissed the case against Gottesman the jury was bound to find that defendant was solely at fault. Dixon further contends that by dismissing the case against Gottesman, whose negligence, if any, would be imputed to plaintiff, the court forced the jury to find that plaintiff was not guilty of contributory negligence. On the facts, the court was within its rights when it dismissed the case against Gottesman. We believe that there was no prejudice in the charge because there was really a question of law here and the trial court could have found as a matter of law that plaintiff was not guilty of contributory negligence. Such a finding, however, would still leave the jury with the question of Dixon's negligence. Plaintiff could recover against either defendant but not against both because her driver's negligence, if any, would be imputed to her in her suit against Dixon. Therefore, when the court left to the jury the issue of Gottesman's negligence it aided Dixon, since the court could have found, as a matter of law, that plaintiff was not guilty of contributory negligence. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.